IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR., and<br>JOHANNES W. THALER,<br><br>　　　　　Defendants. | **CIPA SECTION 6(A)<br>ORDER AND<br>MEMORANDUM DECISION**<br><br><br>Case No. 2:12-CR-645-TC-DBP |

　　　　Defendants Robert Lustyik and Johannes Thaler were indicted on October 18, 2012, with one count each of conspiracy, obstruction of a grand jury proceeding, obstruction of an agency proceeding, and eight counts of honest services wire fraud.  On September 22, 2014, the court held a hearing under Section 6(a) of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, § 6(a), to address the "use, relevance, and admissibility" of certain classified documents and information the Defendants intend to use during trial.  This order reflects the court's oral rulings from the CIPA Section 6(a) hearing on the relevance and admissibility of the classified information.  As stated at the hearing, the court ORDERS that none of the identified classified information is relevant to the defense or admissible under the Federal Rules of Evidence 401 and 403.  To the extent that the classified information contains topics or ideas that are relevant to the defense, the court provided limitations on the use of the information as outlined in its previous order.  (See Sept. 23, 2014 Preliminary CIPA Section 6(a) Order, filed

with the CISO.)

I. **Classified Information Procedures Act (CIPA)**

CIPA establishes required procedures for pretrial determinations of the disclosure and admissibility of classified information in federal criminal proceedings. United States v. Libby, 453 F. Supp. 2d 35, 37 (D.D.C. 2006) (Libby I) (citing United States v. Fernandez, 913 F.2d 148, 151 (4th Cir. 1990)). "The statute was designed to reconcile, on the one hand, a criminal defendant's right to obtain prior to trial classified information and introduce such material at trial, with, on the other hand, the government's duty to protect from disclosure sensitive information that could compromise national security." Id. (citing United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998)). Sections 5 and 6 of CIPA provide the structure for determining the admissibility of classified information at trial. 18 U.S.C. App. 3 (hereinafter CIPA), §§ 5-6.

Section 5(a) of CIPA requires a defendant to file a written notice identifying the classified information he "reasonably expects to disclose or cause the disclosure of" at trial. If the defendant fails to comply with the notice requirement, the court may preclude disclosure of any classified information "not made the subject of notification and may prohibit the examination of any witness with respect to any such information." CIPA § 5(b).

After the defendant has provided notice of his intention to use classified information, "the United States may request a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial

2

proceeding." CIPA § 6(a). Once a hearing is requested,[1] the court must hold a hearing and subsequently "set forth in writing the basis for its determination" as to each piece of classified information that was at issue during the hearing." Id. If the court determines that certain classified information may be disclosed during trial, the United States may move to substitute the classified portion of the information at issue with a "statement admitting relevant facts that the specific classified information would tend to prove" or a summary of the classified information. CIPA § 6(c).

## II. Procedural Background

On March 29, 2013, the Government filed a motion for pretrial conference under Section 2 of CIPA, which provides that, "At any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." CIPA § 2. The court held the hearing on May 3, 2013, and issued a scheduling order outlining deadlines for filings under Section 4 of CIPA. On January 31, 2014, the court established a schedule for complying with the procedures under CIPA Sections 5 and 6.

After submitting a series of insufficient Section 5(a) notices, the Defendants were given leave to re-do their notice,[2] and they finally completed and filed their Section 5(a) notice on

---

[1] The hearing may be held *in camera* if the Attorney General certifies to the court "that a public proceeding may result in the disclosure of classified information." CIPA § 6(a). The Government met its burden here, and the section 6(a) hearing was held *in camera*.

[2] On June 6, 2014, the Defendants filed their first Section 5(a) notice: a 13-page document that appeared to be a discovery request for more classified and unclassified information. The Government filed a Section 5(b) motion to preclude the use of any classified information at trial because the notice failed to specifically identify any classified information or document. The court found that the notice was deficient, and ordered the Defendants to file an amended Section

September 10, 2014.  Ultimately, Defendants identified more than 80 pages from 11 transcripts of interviews, more than 400 pages of documents, and 15 topics about which Defendants intended to elicit testimony.

The Government filed a motion for an *in camera* hearing under Section 6(a) and provided notice of its objections to the use, relevance, and admissibility of the classified information identified by the Defendants under Section 5(a).  The court granted the motion for hearing and scheduled the Section 6(a) hearing for September 22, 2014.

---

5(a) notice.  Defendants filed their First Amended Section 5(a) notice on July 11, 2014.  Defendants' First Amended Section 5(a) notice contained a list divided into three categories, including transcripts, documents, and general testimonial topics.  The Government filed an amended Section 5(b) motion to preclude the use of any classified information at trial, contending that the Defendants' First Amended Section 5(a) notice was equally deficient because it noticed nearly every page of classified material produced in discovery, every testimonial topic related to the classified information, and other topics that were never provided in classified discovery to the Defendants.  The court held a hearing on August 14, 2014, to address Defendants' First Amended Section 5(a) notice and the Government's amended 5(b) motion.  At the hearing, the court found that seven categories of information identified by the Government and noticed in Defendants' First Amended Section 5(a) notice were sufficiently described for Section 5(a) purposes.  The court then directed the Defendants to file a Second Amended Section 5(a) notice containing specific identifying information when possible (such as Bates numbers, page numbers, and line numbers) that they reasonably and in good faith believed they expected to "disclose or to cause the disclosure of " at trial or any pretrial proceeding by August 29, 2014.  See CIPA § 5(a).  The court also ordered the parties to meet and confer if they believed that the information was still not properly described and request a telephone status conference with the court.  The parties conferred but did not resolve their differences.  On September 8, 2014, the court held a video telephone status conference to discuss the Defendants' Second Amended Section 5(a) notice.  After hearing argument from both sides, the court ordered Defendants to file a supplement to their Second Amended Section 5(a) notice on the testimonial topics listed on pages eleven and twelve of their Second Amended Section 5(a) notice.  The Defendants were directed to provide brief summaries of the "fact or facts that they wish to elicit on that topic during testimony" and "provide sufficient detail, such as names and dates if known, and identify the stakeholder agency that owns the information," so that the government could thoroughly address the summaries in its Section 6(a) motion and objections.  (See September 8, 2014 Order, Docket No. 805 at 1.)  Defendants filed the supplement to their Second Amended Section 5(a) notice on September 10, 2014.

Before the hearing, the court met with defense counsel *ex parte* to discuss the Defendants' defense theories so that the court could properly determine at the Section 6(a) hearing whether any of the identified classified information was useful or relevant to the defense.

### III.  Motions In Limine

At the hearing, the court first addressed select motions in limine filed by the Government, because ruling on those motions would necessarily affect the court's admissibility determinations during the Section 6(a) hearing. Those motions included: (1) the Government's motion in limine to exclude use of the public authority defense (Docket No. 798); and (2) the Government's motion in limine to exclude evidence of Michael Taylor's value (Docket No. 830).[3]

#### A.   Public Authority Defense

The public authority defense is an affirmative defense that "requires a defendant to show that he was engaged by a government official to participate in a covert activity." United States v. Apperson, 441 F.3d 1162, 2004 (10th Cir. 2006) (internal quotation marks omitted). When a government official engages a defendant to participate in a violation of federal law, that official must have the actual authority to empower such a violation. See United States v. Granados, 501 F. App'x 820, 823 (10th Cir. 2012) (noting that the Tenth Circuit has not resolved whether apparent authority is sufficient).

The Government moved to preclude Defendants from presenting witness testimony to support a public authority defense because their notice under Federal Rule of Criminal Procedure 12.3(a)(1) was not timely or sufficient. The Government objected to the lack of specificity in the

---

[3]The court also ruled on the Government's motion in limine to pre-admit certain exhibits (Docket No. 800).

Defendants' notice, especially the inclusive language that suggested that the members of certain agencies who would be called to testify would "include" two named individuals "and other supervisors." (Docket No. 798 at 2.)

In their response, the Defendants explained their lack of timeliness and stated that their notice was adequate because it "specifies three agencies, the names of the agency members on whose authority Defendants acted, and the time period for the grant of public authority." (Docket No. 855 at 3.) After finding that the Defendants adequately explained their lack of timeliness, the court denied the Government's motion without prejudice, finding that evidence related to the public authority defense could not be excluded through a motion in limine at the beginning of trial, but would be more properly considered as it related to a jury instruction at the end of trial. This is so because the public authority defense is closely linked to a "good faith" defense, and evidence to establish either defense overlaps.

Because the Defendants are entitled to present evidence that they acted without criminal intent, the court held that they are also entitled to offer evidence to support whether they acted with actual or apparent authority, and evidence about whether they believed themselves to be acting with actual or apparent authority. The court deferred any decision on whether the Defendants had established a public authority defense until the introduction of evidence was complete. At that point, the court will determine whether the Defendants are entitled to a jury instruction on the public authority defense. The court, however, limited testimony about a public authority defense to the testimony of the two special agents specifically named in the Defendants' notice. (See Docket No. 753 at 2.)

The parties were directed to refrain from any reference whatsoever to the public authority

defense in opening statements. The Defendants may, however, argue during their opening statement that they were authorized to do what they did and that, regardless of whether they had actual authority to take those steps, they believed that they did. Further, as discussed below, the court holds that the Defendants may pursue their public authority theory at trial without using the classified information they listed in their Section 5(a) notices.

    B.    <u>Taylor's Value as a Source</u>

The Government filed a motion to preclude the Defendants from presenting evidence regarding Mr. Taylor's value as a source (or Defendants' perception of Mr. Taylor's value as a source).[4] (See Docket No. 830.) The Government argued that evidence about Mr. Taylor's value is not relevant under Federal Rule of Evidence 401 to the bribery and obstruction charges, and that, at best, it provides a mixed-motive defense that the court should not recognize. In addition, the Government argued that such evidence should be excluded under Federal Rule of Evidence 403 for creating a "mini-trial" on unrelated issues. (See Docket 830 at 2-7.)

In their sealed response, the Defendants argue that such evidence goes to the heart of their defense, namely that the motivation, intent, and purpose for the Defendants' actions were different from those alleged by the Government. (See Docket No. 859 at 2.)

The court found that the Defendants' intent is relevant for all of the counts charged in the indictment, but limited the evidence that Defendants can submit to the jury to evidence that is

---

[4] The Government, in the same motion, also moved to preclude any evidence regarding Mr. Lustyik's good performance during his tenure with the Federal Bureau of Investigation. (See Docket No. 830.) The Government argues that Mr. Lustyik's commendations and awards should be excluded under Rules 404(a) and 405(a) and/or Rule 801(a). The court will rule on this portion of the motion when the court hears argument on the remaining motions in limine.

relevant under Rule 401 and not overly burdensome, cumulative, and confusing under Rule 403.

## IV. Standard of Review under CIPA Section 6(a)

Under CIPA Section 6(a), the court must "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." CIPA § 6(a). Determinations of relevance are made under Federal Rule of Evidence 401. But because not all relevant evidence is admissible at trial, the court must consider other rules of evidence such as Rule 403 (which prohibits admission of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice") and Federal Rule of Evidence 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court.").

The Government contends that under Section 6(a), the Defendants must show that the classified information they seek to disclose is not only relevant and admissible under the Federal Rules of Evidence but also is material to the defense. Under the standard advocated by the Government, the court would have to look beyond relevance and determine not only whether the information would be helpful to the defense but also whether the Defendants' interests in disclosure outweigh the need to protect the government's classified information. See United States v. Libby, 453 F. Supp. 2d 35, 40 (D.D.C. 2006) (Libby I) (describing (but ultimately rejecting) heightened standard advocated by the government).

The court declines to impose that standard. CIPA, as interpreted in case law and described in legislative history,[5] prohibits application of the heightened "materiality" standard

---

[5]The court agrees with the reasons underlying the Libby I court's rejection of the Fourth Circuit's standard of admissibility under CIPA in United States v. Smith, 780 F.2d 1102, 1106

advocated by the Government.  Such a standard would impermissibly "alter the existing standards for determining relevance or admissibility" of proposed evidence.  126 Cong. Rec. H9308 (daily ed. Sept. 22, 1980) (statement of Rep. Mazzoli) (emphasis added), quoted in United States v. Wilson, 586 F. Supp. 1011, 1013 (S.D.N.Y. 1983) ("[D]ocumentary and testimonial evidence containing classified matter may be admitted if in conformity with the Federal Rules of Evidence."); see also Libby I, 453 F. Supp. 2d at 40-44 (rejecting heightened standard advocated by United States and adopting position that the traditional standards under Federal Rules of Evidence 401 and 403 apply regardless of the classified nature of the material); United States v. Noriega, 117 F.3d 1206, 1216 (11th Cir. 1997) (approving district court's determination of the admissibility of the classified material "solely under the standards set out in the Federal Rules of Evidence.").

If classified material is admissible, the court, during a later proceeding under CIPA Section 6(c), may consider proposed substitutions that would necessarily preserve the Defendants' right to present a proper defense.  Libby I, 453 F. Supp. 2d at 43 (discussing procedural safeguards CIPA provides to the United States to prohibit disclosure of classified information).  But during the 6(a) hearing, the court must "disregard the fact that certain material may be classified," Wilson, 586 F. Supp. at 1013, and apply the Federal Rules of Evidence.

With those principles in mind, the court now rules on the use, relevance, and admissibility of the material that Defendants list in their 5(a) notice.

---

(4th Cir. 1985) (*en banc*).  See Libby I, 453 F. Supp. 2d at 41-43 (finding no basis for the Fourth Circuit's decision to import CIPA discovery rule standards set forth in Roviaro v. United States, 353 U.S. 53 (1957), into the "use, relevance, or admissibility" standard of CIPA Section 6(a).)

## V.     The Court's Evidentiary Rulings on the Classified Information

In making its findings under Section 6, the court followed the procedure set forth in United States v. Libby, 467 F. Supp. 2d 1 (D.D.C. 2006) (Libby II), to consider the ways in which the evidence at issue could relate to aspects of the Defendants' defense.  See Libby II, 467 F. Supp. at 4.  The court was guided in its analysis of the defense theories by its *ex parte* meeting with the Defendants' counsel before the Section 6(a) hearing was held, as well as by the Defendants' arguments in response to two of the Government's motions in limine.  The court carefully considered whether the classified information noticed by the Defendants under Section 5(a), and objected to by the Government under Section 6(a), could substantiate the Defendants' reasonable and good faith belief that their superiors had sanctioned their conduct, as well as their non-criminal intent with regard to all of the counts of the indictment.

The court's evidentiary analysis under Rule 401 and Rule 403 strikes a balance between the Defendants' constitutional right to present a complete defense, and the recognition that the "right to present a full defense does not entitle [them] to place before the jury irrelevant or otherwise inadmissible evidence." United States v. Anderson, 872 F.2d 1508, 1519 (11th Cir. 1989).

After analyzing all of the noticed classified information, as well as the Government's objections, the court concluded that the classified documents and proposed testimony on classified material was not relevant to the defense case, that "[t]he minutiae of the classified material added little, if anything, to the plausibility" of their defense arguments, and that the proposed evidence was confusing, misleading and cumulative under Rule 403.  Id. at 1517.  Accordingly, for the reasons set forth below, the court holds that all of the evidence contained in

the Defendants' 5(a) notices (and as summarized in the Government's Appendices A & B attached to its objections)[6] is inadmissible under Federal Rules of Evidence 401 (i.e., is not relevant)[7] or 403.[8]

Because the information offered by the Defendants fell into a handful of broad categories and was similar enough in nature, the court need not, in this order, discuss each piece of evidence identified in the Defendants' notices and the Government's Appendices (although the court did review each piece of proffered evidence with the parties during the 6(a) hearing and made its individual rulings). To do so would be unnecessarily repetitive. Because the basis for the court's ruling is the same for all of the evidence, the court will provide a summary of the topics (within which many of the same details were repeated) and discuss why they are not admissible.

For the most part, the court finds that the evidence is not relevant under Rule 401. As aptly stated in Libby II, the Defendants' proffered evidence "would likely lead the jury to unduly focus on the foreign affairs of the country, which is totally irrelevant to this case." Libby II, 467 F. Supp. 2d at 15.

---

[6] Before the Section 6(a) hearing, the Government declassified material containing the following Bates numbers: FBI012463, FBI000274, FBI000514-FBI000515, FBI000564, FBI008337-FBI008342, FBI003414-FBI003418, FBI003376-FBI003379, and FBI005443-FBI005444. Additionally, the Government declassified a portion of the document numbered FBI012706-FBI012708 (the redacted information remains classified). Because the information listed immediately above (which was identified in the Appendices as classified) is no longer classified, the court did not rule on the admissibility of that particular information during the 6(a) hearing.

[7] Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

[8] The court notes that it did not make any other evidentiary ruling (such as hearsay or foundation) on the evidence reviewed.

But to the extent a piece of evidence is relevant Rule 401, the court finds that it is inadmissible under Rule 403.  "It is undisputed that this Court has a duty to engage in a Rule 403 balancing to determine whether otherwise relevant evidence should be excluded at trial." Id. at 7. Under Rule 403,

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

In their Section 5(a) notice, the Defendants set forth a long list of detailed information, witnesses, and lines of inquiry concerning the Mr. Lustyik's work as a counterintelligence agent, specific classified intelligence gathering operations (some involving Mr. Lustyik but others not connected to him or his attempt to establish Mr. Taylor as a source), general methods of intelligence gathering, and information that Defendants allege shows the value (or the Defendants' perception of the value) of Mr. Taylor as a source.  For instance, they intend to offer details of information Mr. Taylor provided to the FBI, other law enforcement agencies, and the United States Intelligence Community during the period of the alleged conspiracy.

Presentation of the evidence proposed by the Defendants would create a sideshow that would waste time and substantially risk confusing the jury.  The question is not what information Mr. Taylor allegedly possessed or whether such information had a particular value.  Providing such details to the jury would distract it from the issues in this case.  Instead, the jury will have to evaluate Mr. Lustyik's intent (whether he believed in good faith that what he was doing was legitimate).

As the trial court found in United States v. Wilson, "[w]hatever the defendant's purpose, the introduction of evidence detailing classified activities will have the tendency to focus attention on what cannot be doubted is the controversial character of foreign covert intelligence and counter-intelligence operations." United States v. Wilson, 586 F. Supp. 1011, 1016 (S.D.N.Y. 1983). The Eleventh Circuit in United States v. Noriega faced a similar situation and came to a similar conclusion:

> The potential probative value of this [classified] material, however, was relatively marginal. . . . [T]he district court correctly recognized that the admission of evidence regarding the nature of Noriega's assistance to the United States would have shifted unduly the focus of the trial from allegations of drug trafficking to matters of geopolitical intrigue.

117 F.3d 1206, 1216-17 (11th Cir. 1997). See also Libby II, 467 F. Supp. 2d at 14-15 ("References to [multiple individuals and groups involved in various classified operations] . . . will undoubtedly confound the jury . . . and [divert] the jury's attention away from the actual issues in this case."); Anderson, 872 F.2d at 1519 ("Whatever probative value that [the defendant's] participation in a prior covert operation had to this case, the admission of evidence regarding the details of those activities would only serve to impermissibly divert the jury's attention away from the basic charges in [the] indictment.").

Under Rule 403, the court, in balancing relevance and prejudice, may come up with alternatives for the substitution of less prejudicial proof.

> [A]lthough Section 6(c) [of CIPA] provides the procedures through which the Court (and the parties) will engage in a process of substitutions and redactions of classified information that is deemed relevant and admissible, [c]ourts have recognized that the balancing under Rule 403 can include a 'balanc[ing] between relevance and prejudice and the alternatives available for the substitution of less prejudicial proof.

Libby II, 467 F. Supp. 2d at 7 (emphasis added) (internal citations omitted).  When considering alternatives available to the Defendants to adequately present their defense, "a court making a Rule 403 determination can examine whether 'less prejudicial proof' with equal probative value can be substituted to eradicate any unfair prejudice or confusion."  Id.  That is what the court has done here, as reflected in the court's September 23, 2014 sealed, *in camera* Preliminary CIPA Section 6(a) Order filed with the CISO.  That order is hereby incorporated as part of this order, and the evidentiary alternatives and limits set forth by the court will not be repeated here.

The court, in its September 23, 2014 Order, provided substitutions under Rule 403.  But in doing so, the court "was not concerned with whether they altered the classification status of the document or information."  Id. at 8.  The court, at this time, is not engaging in the process set forth in CIPA Section 6(c) during which the Government may offer suggested substitutions for classified information.  The court will hold a separate hearing to allow the Government to do so.

## ORDER

For the reasons set forth above, the court holds under CIPA Section 6(a) that all of the information provided by the Defendants in their CIPA Section 5(a) notice is inadmissible in the form presented.  Accordingly, their offers of classified material as evidence are limited to the categories set forth in the court's September 23, 2014 sealed, *in camera* Preliminary CIPA Section 6(a) Order.

The court hereby ORDERS that:

1. The Defendants, their counsel, their representatives, and their witnesses are precluded from disclosing any such classified information in any manner in connection with any trial or pretrial proceeding in this case, whether directly, indirectly, or derivatively, as

documentary exhibits or oral testimony or jury addresses, including introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing the classified information affected by the court's 6(a) ruling except as authorized in the court's September 23, 2014 Section 6(a) order.

2.    The Government's Motion In Limine to Preclude Public Authority Defense (Docket No. 798) is DENIED WITHOUT PREJUDICE.  Defendants must limit their opening statements to avoid any reference to the public authority defense.

3.    The Government's Motion In Limine to Preclude Evidence of Taylor's Value as a Source and Prior Good Acts (Docket No. 830) is GRANTED IN PART AND DENIED IN PART;

4.    The Government's Motion In Limine to Pre-Admit Certain Exhibits (Docket No. 800) is DENIED; and

5.    The Government's Section 5(b) motions are GRANTED IN PART AND DENIED IN PART.  Specifically, any information in the Defendants' Section 5(a) notices that was not addressed at the Section 6(a) hearing is not admissible in any form.

SO ORDERED this 25th day of September, 2014.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge