UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Number: |
| ) | |
| v. ) | Count One: 18 U.S.C. § 371 |
| ) | (Conspiracy to Commit Bribery, |
| JOHANNES W. THALER ) | Obstruction of a Grand Jury Proceeding, |
| ) | and Obstruction of an Agency |
| Defendant. ) | Proceeding) |
| ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section and Asset Forfeiture and Money Laundering Section, Criminal Division, United States Department of Justice, and Johannes W. Thaler (hereinafter referred to as the "defendant") enter into the following agreement:

**Charges and Statutory Penalties**

1.  The defendant agrees to plead guilty to Count One, Conspiracy to Commit Bribery, Obstruction of a Grand Jury Proceeding, and Obstruction of an Agency Proceeding, in violation of Title 18, United States Code, Section 371, (a Class D Felony) of the Indictment filed against him in the District of Utah in Case Number 2:12-cr-00645.

2.  The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.  First, the defendants agreed with at least one other person to violate the law.

    b.  Second, one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

    c.  Third, the defendants knew the essential objective of the conspiracy.

    d.  Fourth, the defendants knowingly and voluntarily participated.

    e. Fifth, there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

3. The defendant understands that, pursuant to 18 U.S.C. §§ 371, 3013, 3571, and 3583, Count One carries a maximum sentence of five (5) years of imprisonment, a fine of $250,000, and a $100 special assessment, a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will dismiss Counts 2 through 11 of the Indictment returned in the District of Utah in Case Number 2:12-cr-00645. This plea agreement has no impact on the Indictment returned against the defendant in the Southern District of New York. Nothing in this Plea Agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. The defendant agrees that the Indictment filed against him in the District of Utah in Case Number 2:12-cr-00645—specifically, paragraphs 1 through 101—fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily and truthfully admits the allegations set forth in the Indictment.

2

**Venue**

6.  The defendant agrees that pursuant to Title 18, United States Code, Section 3238, venue is appropriate in the United States District Court for the District of Utah. The defendant agrees to waive any further challenges based on venue.

**Sentencing**

7.  The parties agree that this plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case. This agreed upon sentence is as follows: 13 months incarceration and a $100 special assessment. The defendant and the United States agree that all other sentence provisions (*e.g.*, supervised release and assessments, etc.) will be imposed in accordance with applicable law.

8.  The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of proceeds obtained as a result of the offenses charged in Count 1 of the Indictment, for which the defendant shall be jointly and severally responsible with his co-conspirator Robert Lustyik, Jr. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging



instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

9. The defendant admits and agrees that the conduct described in the factual basis herein provides a sufficient factual and statutory basis for the forfeiture of the property sought by the Government. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

10. The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

11. The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

12. The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

4



13. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

14. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

15. The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.

16. If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence will be imposed, then (1) defendant will have the right to withdraw the plea of guilty; (2) the United States will have the right to move to vacate this agreement; and (3) all the terms of this agreement will become null and void.

17. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing

recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

**Appeal Waiver**

18.   The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal.  The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).  Knowing that, and in consideration of the concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

19.   The defendant understands that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal the sentence.



20. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the Tenth Circuit or Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the Tenth Circuit or Supreme Court to have retroactive effect.

**Breach of Agreement**

21. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

22. The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a

7



defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

23. The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

24. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

25. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the



defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

**Complete Agreement**

26.   No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section and the Asset Forfeiture and Money Laundering Section.

27.   The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section and Asset Forfeiture and Money Laundering Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

28.   If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by you or other defense counsel.



Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Chief<br><br>By: *[signature]*<br>Peter M. Koski, Deputy Chief<br>Maria N. Lerner, Trial Attorney<br>Public Integrity Section | JAIKUMAR RAMASWAMY<br>Chief<br><br>By: *[signature]*<br>Ann Marie Blaylock Bacon, Trial Attorney<br>Asset Forfeiture/Money Laundering Section |

## DEFENDANT'S ACCEPTANCE

I have read this agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 10/1/14

_____
Johannes W. Thaler
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/1/14

_____
Daniel Calabro, Esq.
Counsel for the Defendant